UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO GAETA, | ) | 1:04-CV-6082-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S SOCIAL |
| v. | ) | SECURITY COMPLAINT (DOC. 1) |
| | ) | |
| JO ANNE B. BARNHART, | ) | ORDERING DIRECTING THE ENTRY OF |
| Commissioner of Social | ) | JUDGMENT FOR DEFENDANT JO ANNE B. |
| Security, | ) | BARNHART, COMMISSIONER OF SOCIAL |
| | ) | SECURITY, AND AGAINST PLAINTIFF |
| Defendant. | ) | FRANCISCO GAETA |
| | ) | |
| | ) | |

Plaintiff is proceeding with counsel and is seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying an application for benefits. By order dated December 29, 2004, Judge Oliver W. Wanger reassigned this case to the undersigned Magistrate Judge because both parties had consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the entry of judgment, pursuant to 28 U.S.C. § 636(c). The matter is currently before the Court on the parties' briefs, which have been submitted without oral argument.

PROCEDURAL HISTORY

A prior application for SSI disability payments, which

1

alleged disability due to back and shoulder pain, was denied in November 1999, and was considered by the ALJ to be binding and to create an ongoing presumption that Plaintiff continued to be not disabled. (A.R. 16.)[1]

On November 19, 2001, Plaintiff applied for Supplemental Security Income (SSI), alleging disability since September 10, 1998, due to headaches, depression, low back pain, chest pain, and poor vision. (A.R. 58-64.) Plaintiff's new application asserted a mental impairment as well as reaching age 50, which caused vocational limitations. (A.R. 16.) After Plaintiff's claim was denied initially and on reconsideration, Plaintiff requested, and appeared at, a hearing before the Honorable James E. Ross, Administrative Law Judge (ALJ) of the Social Security Administration (SSA), on March 11, 2003. Plaintiff appeared with an attorney and testified; a Spanish interpreter also was present. On April 3, 2003, the ALJ denied Plaintiff's application for benefits. (Id. at 16-20.) Plaintiff appealed the ALJ's decision to the Appeals Council. After the Appeals Council denied Plaintiff's request for review on June 24, 2004, Plaintiff filed the complaint in this action on August 12, 2004. (Id. at 5-8.) Briefing commenced on June 23, 2005, and was completed with the filing on August 9, 2005 of Plaintiff's reply to Defendant's opposition.

FACTUAL SUMMARY

The ALJ found that the new evidence presented at the hearing did not establish that Plaintiff's condition had materially

---

[1] References to the administrative record are denoted interchangeably by "A.R." or "Tr."

2

1  worsened. The ALJ concluded that Plaintiff did not have an

2  impairment or combination thereof that was more than a slight

3  abnormality or had more than a minimal, if any, effect on his

4  ability to work. Thus, Plaintiff was not disabled. (A.R. 17, 19-

5  20.)

6      The factual details concerning Plaintiff's testimony and

7  medical history are set forth in connection with the Court's

8  analysis of Plaintiff's contentions.

9                    STANDARD AND SCOPE OF REVIEW

10      Congress has provided a limited scope of judicial review of

11  the Commissioner's decision to deny benefits under the Act. In

12  reviewing findings of fact with respect to such determinations,

13  the Court must determine whether the decision of the Commissioner

14  is supported by substantial evidence. 42 U.S.C. § 405(g).

15  Substantial evidence means "more than a mere scintilla,"

16  Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a

17  preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10

18  (9th Cir. 1975). It is "such relevant evidence as a reasonable

19  mind might accept as adequate to support a conclusion."

20  Richardson, 402 U.S. at 401. The Court must consider the record

21  as a whole, weighing both the evidence that supports and the

22  evidence that detracts from the Commissioner's conclusion; it may

23  not simply isolate a portion of evidence that supports the

24  decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

25  It is immaterial that the evidence would support a finding

26  contrary to that reached by the Commissioner; the determination

27  of the Commissioner as to a factual matter will stand if

28  supported by substantial evidence because it is the

                                3

1  Commissioner's job, and not the Court's, to resolve conflicts in
2  the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th
3  Cir. 1975).

4      In weighing the evidence and making findings, the
5  Commissioner must apply the proper legal standards. Burkhart v.
6  Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must
7  review the whole record and uphold the Commissioner's
8  determination that the claimant is not disabled if the
9  Commissioner applied the proper legal standards, and if the
10 Commissioner's findings are supported by substantial evidence.
11 See, Sanchez v. Secretary of Health and Human Services, 812 F.2d
12 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If
13 the Court concludes that the ALJ did not use the proper legal
14 standard, the matter will be remanded to permit application of
15 the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th
16 Cir. 1987).

17                              ANALYSIS

18      I. Disability

19      In order to qualify for benefits, a claimant must establish
20 that she is unable to engage in substantial gainful activity due
21 to a medically determinable physical or mental impairment which
22 has lasted or can be expected to last for a continuous period of
23 not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A).
24 A claimant must demonstrate a physical or mental impairment of
25 such severity that the claimant is not only unable to do the
26 claimant's previous work, but cannot, considering age, education,
27 and work experience, engage in any other kind of substantial
28 gainful work which exists in the national economy. 42 U.S.C.

1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th
Cir. 1989). The burden of establishing a disability is initially
on the claimant, who must prove that the claimant is unable to
return to his or her former type of work; the burden then shifts
to the Commissioner to identify other jobs that the claimant is
capable of performing considering the claimant's residual
functional capacity, as well as her age, education and last
fifteen years of work experience. Terry v. Sullivan, 903 F.2d
1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific
sequential determinations in the process of evaluating a
disability: 1) whether the applicant engaged in substantial
gainful activity since the alleged date of the onset of the
impairment, 20 C.F.R. § 404.1520 (1997);[2] 2) whether solely on the
basis of the medical evidence the claimed impairment is severe,
that is, of a magnitude sufficient to limit significantly the
individual's physical or mental ability to do basic work
activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the
basis of medical evidence the impairment equals or exceeds in
severity certain impairments described in Appendix I of the
regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant
has sufficient residual functional capacity, defined as what an
individual can still do despite limitations, to perform the
applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and
5) whether on the basis of the applicant's age, education, work
experience, and residual functional capacity, the applicant can

---

[2] All references are to the 2003 version of the Code of Federal Regulations unless otherwise noted.

1  perform any other gainful and substantial work within the
2  economy, 20 C.F.R. § 404.1520(f).

3     II. <u>Plaintiff's Subjective Complaints</u>

4     Without summarizing Plaintiff's testimony or referring to
5  the evidence itself, Plaintiff simply asserts that the ALJ
6  ignored Plaintiff's testimony, misstated it, failed to evaluate
7  it, and failed to give adequate reasons for rejecting the
8  Plaintiff's subjective statements. (Pltf.'s Brf. p. 4.) He
9  asserts that the ALJ's decision failed to review all seven
10 criteria mentioned in Soc. Sec. Ruling 96-7p.[3]

11      A. <u>Summary of Plaintiff's Testimony</u>

12     Defendant's summary of Plaintiff's testimony adequately
13 reflects the testimony set forth in the record.

14     Plaintiff testified that he lived at the Fresno Rescue
15 Mission (Tr. 202). He said that he needed a cane because his feet
16 and low back hurt (Tr. 202). Plaintiff testified that he could
17 walk, but alleged the farthest he could walk was one or two
18 blocks at a time (Tr. 202). He alleged he could stand only thirty
19 to forty-five minutes (Tr. 202). He alleged he could lift only
20 twenty-five pounds (Tr. 203).

21     Plaintiff testified that he took medications for alleged
22 back pain (Tr. 203). He said he did not always have back pain,
23 and admitted medication helped (Tr. 204, 205). He alleged that
24 activity, including standing and walking, exacerbated his back
25 pain (Tr. 204).

26

27        [3] Plaintiff appears to refer to some pages of the administrative record  representing the decision under
28 review here (see, e.g., Pltf.'s Brf. p. 5, citing to A.R. 29-30),; however, the decision under review in the present case
    appears at pages 16 through 20 of the administrative record.

Plaintiff alleged that diabetes made him sleepy, and apparently alleged his blood sugars were always high (Tr. 205-206). He said that his allegedly blurry vision was getting better (Tr. 206-207). He alleged that hepatitis made him tired (Tr. 207).

Plaintiff testified that physical therapy involved cold and hot packs, and did not help him (Tr. 207). He admitted asking doctors to help him get disability benefits (Tr. 207-208). He denied getting general relief payments (Tr. 208).

Plaintiff testified that he was not using drugs or alcohol (Tr. 208-209). He said he had not worked for ten years, because he allegedly fell off a ladder (Tr. 209-210). He alleged fractured ribs (Tr. 210). During the day, he walked in the park, went to Fullerton Mall or someplace he could eat (Tr. 211).

### B. Legal Standards

The existence and severity of a person's reaction to a physical ailment, such as the existence and severity of pain, are subjective phenomena, the extent of which cannot be objectively measured. Byrnes v. Shalala, 60 F.3d 639, 642 (9th Cir. 1995). In order to reject a claimant's subjective complaints, the ALJ must provide specific, cogent reasons for the disbelief. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Once the claimant introduces medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the subjective symptoms, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence such as objective medical findings. Id.; Smolen v. Chater, 80 F.3d 1273, 1282 (9th

7

Cir. 1996). Unless there is affirmative evidence tending to show that the claimant is malingering, the reasons for rejecting the claimant's testimony must be clear and convincing, and the ALJ must set forth the rejection by identifying what testimony is not credible and what evidence undermines the claimant's complaints. Lester v. Chater, 81 F.3d at 834. The findings of the adjudicator must be properly supported by the record and must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-46; Byrnes v. Shalala, 60 F.3d at 641-42 (9th Cir. 1995); see 20 C.F.R. § 404.1529(c) [disability] and 20 C.F.R. § 416.929(c) [supplemental security income].

Social Security Ruling 96-7p directs the adjudicator to consider not only objective medical evidence of signs, laboratory findings, and medical opinions, but also the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and adverse side effects of any medication for pain or other symptoms;
5. Treatment, other than medication, for relief of pain or other symptoms;
6. Any measures other than treatment used by the individual to relieve the pain or other symptoms; and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

See also Bunnell v. Sullivan, 947 F.2d at 346.

C. Analysis of the ALJ's Rejection of Plaintiff's Subjective Complaints

8

1    Contrary to Plaintiff's contention, the ALJ not only

2 adverted to Plaintiff's subjective complaints, but also

3 summarized them. (A.R. 19.) The ALJ expressly mentioned

4 Plaintiff's use of a cane; limitations on walking, standing, and

5 lifting; difficulty controlling blood glucose; perpetual

6 tiredness and need to rest during the day; frequent blurry

7 vision; the claim that therapy at UMC consisted only of hot and

8 cold packs causing him to feel worse after therapy than before

9 it; and Plaintiff's statement that he received food stamps but

10 not general relief. (A.R. 19.) He noted that Plaintiff lived at

11 the Fresno Rescue Mission. (<u>Id.</u>)

12    The ALJ stated that Plaintiff's subjective complaints were

13 not supported by the medical evidence and were not entirely

14 credible. (A.R. 18.) He concluded that the medical evidence did

15 not support the claimant's alleged limitations in walking or

16 standing, citing to the medical note of September 2002 that

17 showed that Plaintiff arrived and departed the UMC clinic alone

18 and on foot. The treatment note of September 20, 2002, indicates

19 that Plaintiff walked to Community Medical Center. (A.R. 181.)[4]

20    The ALJ also relied on Plaintiff's own testimony, (A.R.

21 211), that he frequently walked to the downtown park or to the

22 mall, which contradicted his statement that he could only walk

23 one to two blocks. The locales in question were at least four to

24 five blocks from the Fresno Rescue Mission. (A.R. 19.)

25    The ALJ cited Plaintiff's noncompliance with physical

26 therapy and his stated focus on getting certified as disabled.

27

28        [4] See also A.R. 138.

9

(A.R. 19.) The ALJ stated that the physical therapy notes showed repeated attempts to involve the claimant in stretching and strengthening exercises, but Plaintiff was resistant to every aspect of therapy. (Id.) The ALJ stated that Plaintiff's attempt to make light of the therapy sessions and rationalize his behavior was not convincing. (Id.)

Substantial evidence in the record supports this reasoning. Plaintiff was referred to physical therapy for his low back pain, and on September 12, 2002, the discharge summary of the therapist filled out after several visits indicated that Plaintiff stated that therapy was not going to help him, his pain would not improve because of his accident, and he needed the therapist to sign his disability papers. (A.R. 165.) Plaintiff claimed no functional gains, whereas the therapist observed some with respect to general body movements during workout and transfers. The therapist concluded that due to Plaintiff's attitude towards therapy, it was very questionable whether Plaintiff would benefit from continued therapy; he was not a good candidate at that time, and his compliance with the treatment regime and home exercise was poor. (A.R. 165.)

In addition, treatment notes from UMC dated June 13, 2002, reveal that Plaintiff was there to get medical disability. (A.R. 136.)

Included in the factors that an ALJ may consider in weighing a claimant's credibility are the claimant's reputation for truthfulness; inconsistencies either in the claimant's testimony or between the claimant's testimony and the claimant's conduct, daily activities, or work record; and testimony from physicians

and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ may consider whether the Plaintiff's testimony is believable or not. Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999). Likewise, an ALJ may rely on a claimant's inadequately explained failure to seek treatment or follow a prescribed course of treatment in rejecting a subjective complaint of disabling pain. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Here, the ALJ properly considered these matters, which were supported by substantial evidence in the record.

Plaintiff appears to argue that the medical evidence supports Plaintiff's subjective claims. Plaintiff points to the fact that Plaintiff was required to attend physical therapy (A.R. 165-80), take multiple medications (A.R. 98), and, according to Plaintiff's own testimony, rest by lying down (A.R. 204).

The physical therapy consisted of three visits from August 26, 2002, through September 12, 2002 (A.R. 165) that were terminated because Plaintiff showed poor compliance with the treatment regime and home exercise program (id.); Plaintiff did not believe he could get better (id. at 176). The notation of August 26, 2002, states that Plaintiff indicated that it was not going to get better, and he needed the therapist to sign his disability papers. (A.R. 177.)

Plaintiff's medications included Glucophage for diabetes, Amitriptyline for sleep and pain, Acetaminophen for pain, and Tranadol HCL for arthritis. It appears by Plaintiff's own admission (A.R. 203-04) that when he took his pain pill for his

11

occasional pain, he felt better and the symptoms disappeared for a while. Plaintiff's subjective complaint regarding the need to rest is not objective medical evidence. Viewing the entire record, it nevertheless provides support for a conclusion that medication controlled Plaintiff's pain. See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983). The ALJ was entitled to interpret the record as showing that Plaintiff's symptoms were controlled by the pain medication and that Plaintiff did not need any additional treatment for her pain.

In summary, the nature and force of the medical evidence cited by Plaintiff is not sufficient to render the ALJ's conclusion unsupported by substantial evidence. When there is conflicting medical evidence, the Commissioner must determine credibility and resolve the conflict. Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992).

Further, the ALJ did not ignore or reject Plaintiff's testimony solely because it was unsupported by objective evidence. The ALJ also made other findings in support of his determination that Plaintiff's complaints of pain were exaggerated. These findings reveal that the ALJ considered some of the factors set out in Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529(c), 416.929(c). See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996), and Bunnell, 947 F.2d at 346. The ALJ was not required to consider all the factors. Where the evidence supporting an ALJ's rejection of a claimant's credibility is substantial, and where it demonstrates that the ALJ did not arbitrarily reject the Plaintiff's testimony, the finding will be

12

upheld even though the finding is not as extensive as possible and does not consider all possible factors. Crane v. Shalala, 76 F.3d 251, 254 (9th Cir. 1996) (where the AlJ's conclusion was based on the claimant's daily activities, treating therapist's notes, and good response to treatment); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (upholding an ALJ's rejection of a claimant's credibility based on medical evidence, daily activities, and Plaintiff's testimony that a medication aided intermittent pain).

Although there might have been factors supporting Plaintiff's credibility, the ALJ nevertheless articulated clear and convincing reasons, supported by substantial evidence, for discrediting Plaintiff's subjective complaints of pain. Cf. Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004).

The Court concludes that the ALJ's reasoning was properly supported by the record and sufficiently specific to allow this Court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony.

III. Severe Physical Impairment

The ALJ stated:

After reviewing all of the evidence, the Administrative Law Judge finds that the claimant does not have an impairment or combination of impairments which are more than slight abnormalities or which have more than minimal, if any, effect on his ability to work. The claimant's complaints of back pain are treated with anti-inflammatory medication; there is little evidence that the claimant has a depressive disorder; his hepatitis C infection is currently without symptoms, and his diabetes is well controlled by medication.

(A.R. 17.)

Plaintiff argues that there is a lack of substantial evidence for the ALJ's conclusion that Plaintiff did not have a severe physical impairment or combination thereof.

Plaintiff contends that the evidence shows that Plaintiff had diabetes, hepatitis C, and lumbar arthritis. Positive ANA testing confirmed the arthritis, decreased range of motion of the spine, lower extremity weakness, and positive straight leg raising. The treatment records referred to by Plaintiff reveal negative straight leg raising and motor strength rated as 5/5 on the right and 4/5 on the left in September or October 2001. (A.R. 103.) However, the same record and another from September 2002 show that Motrin was relieving and helping the chronic pain, and the then-current pain management was being continued. (A.R. 103, 161.) In December 2002, Plaintiff's high blood sugars recorded at home were reported by Plaintiff as ranging between 200 and 300's, and Plaintiff's blood sugar was not adequately controlled; further, Plaintiff's hepatitis C was being followed. (A.R. 157.) On June 13, 2002, Plaintiff's straight leg raising was positive at forty degrees bilaterally, and his left middle back muscles were tight and painful to palpation. He was prescribed pain medication, including Tylenol and Vicodin. (A.R. 136.)

The medical evidence may be briefly summarized.

University Medical Center ("UMC") treatment notes from September 1998 through December 2002 (Tr. 98-117, 134-46, 157-90) indicate complaints of back pain, findings of decreased range of motion but full strength, no motor deficit, and normal reflexes (Tr. 141), and treatment with medication (Ibuprofen, Ultram,

Elavil) for alleged back pain (Tr. 103, 117, 136, 138-41, 161, 165-80). They also indicate treatment for presbyopia (Tr. 104), a bad tooth (Tr. 111), diabetes (Tr. 157-58, 186), hepatitis (Tr. 159-64, 187-90), pruritus (itching) (Tr. 181-85), and venereal disease (Tr. 105-110, 112-16, 142-46).

Consulting internist Chinnapa Nareddy, M.D., examined Plaintiff on February 29, 2002 (Tr. 118-22). Plaintiff brought a cane to this examination which he used because he thought he would otherwise be weak and might collapse; he was able to walk without it, albeit slowly (Tr. 119, 122). Plaintiff complained of musculoskeletal pain, not much relieved by medication, in the chest and back since an alleged fall in 1990, and a motor vehicle accident in 2000 (Tr. 64, 117, 118). He reported taking Elavil for depression at bedtime. (Tr. 118.) Plaintiff was observed to be in moderate distress secondary to back pain. Abnormal findings on examination were limited to complaints of lower lumbar tenderness and limited lumbar range of motion as well as straight leg raising to sixty degrees with pain (Tr. 120-21). Dr. Nareddy diagnosed chronic low back pain, and chest pain, both likely musculoskeletal, history of depression, and history of head injury (Tr. 118, 122). Dr. Nareddy opined that Plaintiff could perform light work (lift and carry twenty pounds occasionally, ten pounds frequently, walk four to six hours per work day, and no restriction on sitting and standing) (Tr. 122).

Consulting psychiatrist Ekram Michiel, M.D., examined Plaintiff on March 16, 2002 (Tr. 123-26). Plaintiff complained of emotional and financial problems (Tr. 123). He admitted excessive beer drinking but alleged he had stopped seventeen

months earlier (Tr. 123). He had no psychiatric history or hospitalization (Tr. 124). Mental status examination revealed few abnormalities except for depressed mood, sad affect, and lack of orientation to date; Plaintiff was cooperative, and his thought process was goal-directed and not delusional (Tr. 124-25). Dr. Michiel diagnosed depressive disorder NOS (not otherwise specified) with a global assessment of functioning of 55 to 60 (Tr. 126). He opined that Plaintiff was able to maintain adequate attention and concentration to carry out simple one-step or two-step job instructions; relate and interact appropriately with coworkers, supervisors and the general public; and handle his own funds. He was unable to carry out an extensive variety of technical and/or complex instructions (Tr. 126).

Physicians who were state agency medical consultants reviewed the evidence submitted through July 2002 (Tr. 33-41). Two state agency psychiatrists, Alfred Torre, M.D., and Archimedes Garcia, M.D., opined in August 2002 that Plaintiff was moderately limited in the ability to understand, remember, and carry out detailed instructions but was not otherwise limited; he had the ability to understand and remember simple instructions, concentrate two hours at a time, relate, and adapt to simple changes (Tr. 147-49). A psychiatric review technique regarding Plaintiff's affective disorder of depression revealed mild limitations in activities of daily living, maintaining social functioning, maintaining concentration, persistence, or pace; Dr. Aquino Caro opined that Plaintiff was capable of simple, repetitive tasks (Tr. 127-32).

Aquino Caro, M.D., and Murray Mitts, M.D., reviewed the

evidence pertaining to Plaintiff's alleged physical impairments 32-33, 156). They concluded that there had been no significant change since the May 1998 ALJ decision, and that Plaintiff's physical impairment was non-severe (Tr. 154, 156). Drs. Garcia and Torre agreed that Plaintiff's alleged mental impairment was not severe (Tr. 150-56).

Simply because Plaintiff had the conditions and had reported the symptoms in question does not mean that the ALJ's decision lacked substantial evidence. This Court must view the evidence in its entirety and must consider whether substantial evidence as a whole supports the ALJ's determination at step two. At step two the determination is whether or not the claimant has "an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). This is referred to as the "severity" requirement and does not involve consideration of the claimant's age, education, or work experience. Id. The Secretary is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of [sufficient medical] severity." 42 U.S.C. § 1382c(a)(3)(F).

Basic work activities include the abilities and aptitudes necessary to do most jobs, such as physical functions of walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a

17

1  routine work setting. 20 C.F.R. § 416.921(b).

2      An impairment or combination thereof is not severe when
3  medical evidence establishes only a slight abnormality or a
4  combination of slight abnormalities which would have no more than
5  a minimal effect on an individual's ability to work. An
6  impairment is not severe if it does not significantly limit a
7  claimant's physical or mental ability to do basic work
8  activities. 20 C.F.R. § 416.921(a); Soc. Sec. Ruling 85-28;
9  Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996).

10      Here, substantial evidence supports the ALJ's conclusion
11  that Plaintiff had no severe physical impairment. The ALJ
12  expressly afforded substantial weight to the treating records as
13  a reliable reflection of Plaintiff's complaints of back pain.
14  (A.R. 18.) The ALJ concluded that the back pain was treated with
15  over-the-counter medications. (A.R. 17.) As previously noted,
16  Plaintiff's own testimony supports this conclusion. The ALJ found
17  that Plaintiff's recently diagnosed hepatitis C did not require
18  treatment. (A.R. 18.) Substantial evidence supports this finding
19  (A.R. 159, 161). With respect to the ALJ's conclusion that
20  Plaintiff's recently diagnosed diabetes was controlled by
21  medication (A.R. 18), the record relied upon (A.R. 157, 186) is
22  not fully legible; it is not clear if the control of Plaintiff's
23  blood sugar was "adequate" or "inadequate," although the treating
24  doctor prescribed medications and directed a follow-up to recheck
25  in three months, an interval which does not contradict a
26  conclusion of adequate control. Although Plaintiff's blood sugar
27  testing machine indicated a history of high readings, when asked
28  how his diabetes made him feel, Plaintiff testified that

"before," his diabetes would cause him to get sleepy when he would eat something sweet. (A.R. 206.) Although he testified that his readings were high and not controlled, he did not claim any limitation from it. In any event, no expert opinion prescribed limitations on Plaintiff's ability to perform work activities from the diabetes.

Plaintiff complains that the ALJ did not give adequate weight to the opinion of consulting internist Nareddy, who limited Plaintiff to light work. The ALJ stated:

> Little weight is given to the consultative examiner's opinion that the claimant is limited to light exertion, since it is based on a single examination, and is contradicted by the relatively mild findings of limitation. The opinions of the state agency analyst and the reviewing medical consultant that the claimant's complaints are non-severe are in accord.

(A.R. 18.)

It is established that the Court defers to the opinion of a treating physician because of a greater opportunity to know and observe the patient as an individual and because the purpose of the employment is to cure the patient. Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). Further, even where an expert's report identifies characteristics that might limit a claimant's ability to perform work on a sustained basis, if the report fails to explain how such characteristics preclude work activity in the claimant's case, it is appropriate and adequate for an ALJ to 1) determine that the level of impairment stated is unreasonable in light of the symptoms and other evidence in the record, and 2) set forth that analysis. See Morgan v. Commissioner of Social Security 169 F.3d 595, 601

1  (9th Cir. 1999). It is appropriate for an ALJ to rely on an

2  absence of a longitudinal history in discounting an expert's

3  opinion. Cansio v. Shalala, 833 F.Supp. 764, 768 (C.D.CA 1993).

4  It is also appropriate for an ALJ to consider the absence of

5  supporting findings, and the inconsistency of conclusions with

6  the physician's own findings, in rejecting a physician's opinion.

7  Johnson v. Shalala, 60 F.3d 1428, 1432-33 (9th Cir. 1995);   Matney

8  v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992); Magallanes v.

9  Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

10        Here, Plaintiff exhibited severe tenderness in the lower

11  lumbar spine and some restriction of range of motion with

12  positive straight leg raising at sixty degrees with complaints of

13  severe pain (A.R. 120). However, Plaintiff had good motor tone

14  bilaterally with good active motion, normal reflexes, and ability

15  to ambulate. (Id. at 120-21.) The ALJ had already discounted

16  Plaintiff's credibility as to subjective complaints. Because of

17  this, the lack of an explanation of how the limited findings

18  resulted in any limitation of function, and the relatively

19  limited nature of the findings, substantial evidence supports the

20  ALJ's rejection of the consulting examiner's opinion. The reasons

21  that the ALJ stated were specific, legitimate, and legally

22  sufficient.

23        The ALJ in the previous proceeding had determined that

24  Plaintiff had no severe impairment. (A.R. 30-31.) The ALJ who

25  authored the decision under review here relied on the opinions of

26  the state agency physicians that Plaintiff had no severe

27  impairment or material change of physical impairments. This

28  evidence constitutes substantial evidence because it was based on

20

the independent physical findings of the treating sources. The
findings of a nontreating, nonexamining physician can amount to
substantial evidence so long as other evidence in the record
supports those findings. <u>Saelee v.Chater</u>, 94 F.3d 520, 522 (9th
Cir. 1996).

Plaintiff also argues that his decreased vision was not
factored into the rationale. The ALJ noted that an optometry exam
had shown that Plaintiff had presbyopia and needed glasses. (A.R.
17.) An eye clinic examination on September 28, 2001, revealed
slightly limited vision of 20/30 OD (right eye) and 20/25 OS
(left). (A.R. 104.) Dr. Nareddy found in February 2002 that
visual acuity with glasses was 20/25 both eyes, 20/50 right eye,
and 20/30 left eye. (A.R. 120.) Plaintiff testified that although
he would "lose his eyesight" "before," (A.R. 206), he was not
getting blurred vision any longer, or he was getting better.
(A.R. 206-07.) Plaintiff has not shown that his improved blurred
vision or slight lack of visual acuity contributed in any fashion
to any significant limit of his ability to perform basic work
activities. The ALJ did not err in failing to find that
Plaintiff's vision was a severe impairment or in failing to
evaluate it expressly at step two.

IV. <u>Mental Impairment</u>

Plaintiff argues that the ALJ failed to consider Plaintiff's
depression. In contrast, the ALJ actually concluded that there
was little evidence that Plaintiff had a depressive disorder.
(A.R. 17.) The ALJ's decision noted that Plaintiff reported to
Dr. Nareddy that he was taking Elavil for depression in February
2002 (A.R. 118), and there was a lack of complaints from

1  Plaintiff of depression to his treating physician in December
2  2002 (A.R. 18, 157). The ALJ reviewed in detail the report of
3  consulting psychiatrist Dr. E. Michiel, who completed the
4  consultative psychiatric evaluation of Plaintiff in March 2002;
5  the ALJ noted Michiel's opinion that Plaintiff could perform one-
6  step and two-step tasks. (A.R. 18.) The ALJ expressly stated that
7  he gave limited weight to Dr. Michiel's opinion that Plaintiff
8  had a "severe" depressive disorder because it was not supported
9  by the treating record and reflected an uncritical acceptance of
10 Plaintiff's allegations. (A.R. 18.)

11        The treating record reveals no evidence reflecting a severe
12 depressive disorder. Indeed, as previously noted, it reflected a
13 claimant with no psychiatric history or hospitalization who only
14 took Elavil at bedtime. Further, Dr. Michiel's evaluation of
15 Plaintiff clearly depended upon Michiel's acceptance of
16 Plaintiff's subjective claims that he lacked appetite, felt
17 sensitive, cried sometimes, lacked motivation, wished to die, had
18 stopped drinking, and generally had a depressed mood and sad
19 affect. (A.R. 123, 125.) It is established that where the record
20 supports an ALJ's rejection of the claimant's credibility as to
21 subjective complaints, the ALJ is free to disregard a doctor's
22 opinion that was premised upon the claimant's subjective
23 complaints. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir.
24 2001). Substantial evidence supported the ALJ's rejection of Dr.
25 Michiel's opinion to the effect that Plaintiff had a severe
26 depressive disorder.

27        The ALJ stated that the opinion of the state agency analyst
28 and reviewing medical consultant that Plaintiff's depressive

1 disorder was severe was also disregarded as not supported by the

2 treating record at any point. (AR. 18.) In fact, as Defendant

3 notes, they opined that Plaintiff's depressive disorder was not

4 severe but rather resulted only in mild limitations of

5 functioning. (A.R. 129.) However, to the extent that those

6 opinions might be construed as indicating a severe impairment,

7 they were contradicted by the the treating record, upon which the

8 ALJ relied.

9     In any event, an impairment is not severe if it does not

10 significantly limit a person's ability to do basic work

11 activities. 20 C.F.R. § 416.921(a). Basic work activities include

12 "[u]nderstanding, carrying out, and remembering simple

13 instructions." (Emphasis added.) 20 C.F.R. § 416.921(b). Thus,

14 the opinions that Plaintiff could only follow simple instructions

15 did not necessarily establish a severe impairment.

16     Accordingly, the Court concludes that the ALJ's

17 determination that Plaintiff did not have a severe mental

18 impairment was made according to correct legal standards and was

19 supported by substantial evidence in the record.

20     V. Development of the Record

21     Plaintiff argues that the ALJ erred in failing to develop

22 the mental health record to clarify the opinions of the

23 consultative psychiatric examiner and the state agency

24 physicians. Plaintiff also argues that the ALJ failed in his duty

25 to aid an unrepresented plaintiff by neglecting to develop the

26 record of Plaintiff's physical impairments.

27     The Court notes that Plaintiff appeared with an attorney at

28 the hearing before the ALJ, and that Plaintiff's attorney also

1 argued the case to the ALJ. (A.R. 193, 196-201.) Thus, the record
2 does not support Plaintiff's assertion that Plaintiff was
3 unrepresented.

4     Further, the duty to develop the record arises where the
5 record before the ALJ is ambiguous or inadequate to allow for
6 proper evaluation of the evidence. 20 C.F.R. §§ 404.1512(e) and
7 416.912(e); <u>Mayes v. Massanari</u>, 262 F.3d 963, 968 (9th Cir. 2001).
8 Here, Plaintiff has not demonstrated that the record was
9 ambiguous or inadequate to allow for proper evaluation of the
10 evidence. Indeed, the ALJ found it an adequate basis upon which
11 to determine Plaintiff's disability status with respect to both
12 Plaintiff's physical and mental condition.

13 <u>DISPOSITION</u>

14     Based on the foregoing, the Court concludes that the ALJ's
15 decision was supported by substantial evidence in the record as a
16 whole and was based on proper legal standards.

17     Accordingly, the Court AFFIRMS the administrative decision
18 of the Defendant Commissioner of Social Security and DENIES
19 Plaintiff's Social Security complaint.

20     The Clerk of the Court IS DIRECTED to enter judgment for
21 Defendant Jo Anne B. Barnhart, Commissioner of Social Security,
22 and against Plaintiff Francisco Gaeta.

23 IT IS SO ORDERED.

24 **Dated:   September 19, 2006**          **/s/ Sandra M. Snyder**
25 icido3                                   UNITED STATES MAGISTRATE JUDGE

26

27

28

24